UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cr-00086-JMS-DML |
| COREY L. CARTER, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER DENYING FIRST STEP ACT MOTION WITHOUT PREJUDICE**

Defendant Corey L. Carter filed a letter seeking release under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which is codified at 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 44. Mr. Carter has not demonstrated that he is eligible for release under the First Step Act or that the Court should grant his request. Thus, his motion, dkt [44], is **denied without prejudice**.

## DISCUSSION

In 2018, the Court sentenced Mr. Carter to serve 37 months in the custody of the Bureau of Prisons ("BOP"), consecutive to 1:07-cr-61-03. Dkt. 35. He is currently incarcerated at Federal Medical Center – Lexington. The BOP's website states that he is 35 years old and his release date is September 11, 2021. He now asks the Court to place him in a halfway house or on home confinement. Dkt. 44.

Mr. Carter's motion is denied for several reasons.

First, there is no basis to conclude that he has exhausted his administrative remedies or established a basis on which the exhaustion requirement can be waived. Section 603(b) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release wit or without conditions that does not exceed the unserved portion of the original term of imprisonment) [under certain conditions] if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

Under this provision, a request for compassionate release requires that Mr. Carter to exhaust his administrative remedies as set forth in the statute. *Id.* Multiple courts have concluded that a district court cannot entertain a First Step Act motion unless a defendant has exhausted his administrative remedies—even in the face of the COVID-19 pandemic. *See, e.g.*, *United States v. Raia*, __ F.3d __, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (concluding that failure to exhaust administrative remedies for request for compassionate release based on COVID-19 pandemic presented "a glaring roadblock foreclosing compassionate release at this point" and that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (denying request for compassionate release based on COVID-19 pandemic; concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1–2 (M.D. Fla. Mar. 27, 2020) (denying request for compassionate release based on COVID-19 pandemic because defendant failed to exhaust administrative remedies); *but see United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020

WL 1659880, at *2–6 (S.D.N.Y. Apr. 3, 2020) (granting request for compassionate release based on COVID-19 pandemic and waiving exhaustion requirement based on Second Circuit precedent). Mr. Carter has not established that the Court has the power to waive the administrative exhaustion requirement.

Second, Mr. Carter asks that the Court allow him to serve the remainder of his sentence on home confinement. Section 3582(c)(1)(A)(i) does not, however, explicitly allow a district court to order that an already-sentenced inmate serve his sentence on home confinement. Instead, it only allows the court to "reduce the term of imprisonment" and "impose a term or probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). At least one district court has concluded that it lacks the authority to designate home confinement, finding that the BOP has the statutory authority to choose the location where prisoners serve their sentences. *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020). Mr. Carter has not established that the Court has the power to grant him the relief he seeks.

Accordingly, Mr. Carter's motion for relief under the First Step Act, dkt [44], is **denied without prejudice**. Any renewed motion must address the issues identified in this Order.

**IT IS SO ORDERED.**

Date: 4/9/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Corey Carter
Reg. No. 08611-028
Federal Medical Center – Lexington
P.O. Box 14500
Lexington, KY  40512-4500